**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CORLOES TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:25-cv-06344 |
| | ) | |
| v. | ) | |
| | ) | |
| VAL-MATIC VALVE AND | ) | |
| MANUFACTURING CORPORATION, | ) | |
| | ) | Jury Trial Demanded |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Corloes Taylor ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Val-Matic Valve and Manufacturing Corporation ("Defendant"), and in support states as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*. ("FMLA") seeking redress for Defendant's interference and retaliation for Plaintiff requesting/utilizing his FMLA rights.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 as the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. is a federal statute.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as a substantial portion of the event or omissions giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

4.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Chicago, Illinois.

5.      Defendant is a corporation that specializes in manufacturing valves for municipal and industrial applications.

6.      At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

7.      At all times material, Defendant was an "employer" as defined by 29 U.S.C. §2611(4).

**BACKGROUND FACTS**

8.      Plaintiff worked for the Defendant initially as a packer and then was subsequently promoted to a CNC Machinist.

9.      As a CNC Machinist, Plaintiff's duties included but were not limited to, operating and programming CNC machines, monitoring machine operation and quality control, and troubleshooting and maintaining machines.

10.      Plaintiff was qualified for his position and was known to develop, meet, and exceed performance standards for Plaintiff's job title.

11.      Plaintiff received satisfactory feedback from Defendant about his work performance.

12.      On or about April 9, 2025, Plaintiff was approved for intermittent FMLA leave, allowing up to five days per month, following the birth of his child on April 5, 2025.

13.      Plaintiff began exercising his FMLA rights approximately twice per week after the birth of his child.

14. Beginning in late April 2025, Plaintiff's supervisor, Miguel, angrily and condescendingly made disparaging comments instructing Plaintiff to "go home with the baby, use the FMLA" in a disgusted tone, pressuring him to leave work due to his FMLA use, despite Plaintiff's willingness and eagerness to work.

15. Regardless of Defendant's urging Plaintiff remained strong and refused to submit to Miguel's instruction.

16. Miguel also insisted Plaintiff must start calling in and notifying Defendant whenever he used FMLA leave, which was not required prior to Plaintiff's FMLA use.

17. This constituted an interference with Plaintiff's use of FMLA.

18. Since Plaintiff began using FMLA leave, he was subjected to targeted and disparate treatment by supervisors Miguel (LNU) and Dave (LNU), who began to heavily monitor and scrutinize his work, nitpick his performance, and enforce attendance policies against him more strictly than against other employees.

19. For example, Defendant's employee, Jonathan (LNU), regularly arrived late by 30 minutes and exceeded attendance points without discipline.

20. Meanwhile, Plaintiff was coached for being one minute late.

21. In or around early May 2025, supervisors reprimanded Plaintiff for using gloves while lifting a heavy log, despite Plaintiff having requested assistance with this task for months without response.

22. Plaintiff observed that after his FMLA leave, other employees were permitted to perform the same task with gloves, as Plaintiff did, although they did so without discipline, while Plaintiff was reprimanded, thereby demonstrating disparate treatment against Plaintiff.

23. On or about May 28, 2025, Plaintiff felt uncomfortable body tightness and briefly engaged in a stretch-like physical movement to relieve the tightness.

24. Miguel admonished Plaintiff for this conduct.

25. Plaintiff apologized and explained to Dave that he was unaware such a movement would pose an issue.

26. In the meeting, Dave expressed frustration against Plaintiff, stating he was "tired of this and tired of you," and called the plant manager, Ken (LNU).

27. That same afternoon, Plaintiff was terminated by Ken, Dave, and two of Defendant's Human Resources representatives.

28. During the termination meeting, Defendant cited issues unrelated to Plaintiff's recent conduct.

29. On or about May 28, 2025, Defendant unlawfully terminated Plaintiff in retaliation for taking FMLA leave.

30. By terminating Plaintiff, Defendant interfered with Plaintiff's rights under the FMLA such that his use of FMLA was cut-off by virtue of his termination.

31. Defendant interfered with Plaintiff's FMLA rights and retaliated against Plaintiff after Plaintiff utilized FMLA leave.

## COUNT I
### Violation of the Family And Medical Leave Act
### (FMLA Interference – Unlawful Denial of FMLA Rights)

32. Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

33. In or around April 2024, Plaintiff was eligible for FMLA leave.

34. At all times material, Plaintiff gave proper notice to his employer by informing them of the serious medical condition, which required Plaintiff to take FMLA leave.

35.     Defendant controlled Plaintiff's work schedule and conditions of employment.

36.     Plaintiff provided enough information for their employer to know that Plaintiff's potential leave may be covered by the FMLA.

37.     Despite their knowledge of Plaintiff's medical condition and life threatening situation, his employer, by virtue of the termination of Plaintiff's employment, interfered with Plaintiff's use of his FMLA leave.

38.     Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of their FMLA rights.

39.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

40.     As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

41.     Plaintiff repeats and re-alleges paragraphs 1-31 as if fully stated herein.

42.     Defendant terminated Plaintiff after Plaintiff requested and utilized intermittent FMLA leave.

43.     Defendant terminated Plaintiff because he requested and utilized FMLA leave as described above.

44.     Specifically, Plaintiff requested and took intermittent FMLA leave.

45.     Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA, by retaliating against Plaintiff for having requested to take leave for medical reasons.

46.     Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

47.     As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

      a.      Back pay;

      b.      Payment of interest on all back pay recoverable;

      c.      Front pay;

      d.      Loss of benefits;

      e.      Compensatory and punitive damages;

      f.      Reasonable attorneys' fees and costs;

      g.      Award pre-judgment interest if applicable; and

      h.      Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: June 6, 2025.                   Respectfully submitted,

                                    */s/ Yasmeen Elagha, Esq.*
                                    Yasmeen Elagha, Esq.
                                    Mohammed Badwan, Esq. (Lead)
                                    SULAIMAN LAW GROUP, LTD.

6

2500 South Highland Ave., Suite 200
Lombard, IL 60148
Phone (331) 272-1945
yelagha@sulaimanlaw.com
*Counsel for Plaintiff*